**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. ___

STEIN LAW, PC,
    Plaintiff,

v.

PEAK LAW GROUP, LLC,
    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Stein Law PC, by and through its attorneys, Thomas P. Howard, LLC, for its Complaint against Defendant Peak Law Group, LLC ("PLG"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**I.  PRELIMINARY STATEMENT**

1.  This action is for declaratory judgment of non-infringement arising under the trademark laws of the United States, 15 USC §§ 1051 *et seq*.

2.  Defendant Peak Law Group seeks to prevent Stein Law from using its trademarks to promote its creditor's rights legal services and to prevent Stein Law from registering its marks.

3.  Stein Law brings this action under the Declaratory Judgment Act, 28 USC §§ 2201-02, seeking declaratory judgment of no trademark infringement and the right to use and



register its MOUNTAIN PEAK LAW GROUP and M MOUNTAIN PEAK LAW GROUP, PC marks (collectively the "Stein Marks").

## II. JURISDICTION

4. This Court has jurisdiction over this action under 15 USC §§ 1119 and 1121.

5. This Complaint arises under the Federal Declaratory Judgment Act, 28 USC §§ 2201 *et seq.* and is based upon an immediate and actual justiciable controversy between the parties concerning PLG's allegations that Stein Law has infringed on one or more of its trademarks (including registered trademarks nos. 4,167,976 and 5,217,436) thereby giving rise to an actual case or controversy under 28 USC §§ 2201 and 2202.

6. This Court has jurisdiction to determine the right to registration under 15 USC § 1119.

7. This Court has specific jurisdiction over PLG. PLG has purposefully availed itself of Colorado by seeking enforcement of its trademarks against Stein Law in Denver, Colorado.

8. This Court has jurisdiction under 28 USC §§ 1331, 1332, 1338(a), 2201, and 2202.

## III. VENUE

9. Venue is proper in this district under 28 USC § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 USC § 1391(b)(2), in that a substantial part of the property that is the subject of the action is situated in this district, and/or 28 USC § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action.

**IV.   PARTIES**

10. Plaintiff Stein Law is a corporation that is incorporated in Colorado and has its principal place of business in Colorado. Stein Law provides legal services in the field of creditor's rights.

11. Upon information and belief, Defendant PLG is a limited liability company formed under the laws of Oregon and does business throughout the United States. Upon information and belief, PLG does not provide creditor's rights legal services.

**V.   FACTS**

12. Stein Law uses its Stein Mark to promote it creditor's rights legal services.

13. Stein Law owns United States Trademark Application No. 88/618,399 for the MOUTAIN PEAK LAW GROUP mark for "debt recovery and collection agencies" in Class 036 and "legal services" in Class 045. Attached as Exhibit 1 is a true and correct copy of the application.

14. Stein Law owns United States Trademark Application No. 88/618,771 for the M MOUNTAIN PEAK LAW GROUP, PC Mark with design for "debt recovery and collection agencies" in Class 036 and "legal services" in Class 045. Attached as Exhibit 2 is a true and correct copy of the application.

15. Stein Law has used its Stein Marks in commerce continuously since 2019 in connection with the provision, offering for sale, marketing, advertising, and promotion of its legal services in the field of creditor's rights. Attached as Exhibit 3 is a representative copy of Stein Law's home page showing use of the Stein Marks in connection with these services.

16. As a result of its use of the Stein Marks to identify its services and Stein Law as their source, Stein Law owns valid common-law rights to the Stein Marks.

17. The Stein Marks are distinctive to the relevant consumers.

18. Stein Law has expended substantial time, money, and resources marketing, advertising, and promoting its creditor's rights legal services sold under the Stein Marks.

19. On information and belief, PLG employs one attorney, but he is not licensed to practice law in the State of Colorado.

20. PLG is not registered with the Colorado Secretary of State.

21. On December 5, 2019, PLG sent Stein Law a letter claiming Stein Law was infringing PLG's trademark rights. A copy of that letter is attached as Exhibit 4. The letter indicated that if Stein Law did not immediately stop the use of the Stein Marks, PLG would "zealously enforce its legal rights." PLG's letter stated PLG would seek remedies including "monetary damages, profits in connection with the unlawful use, statutory damages, and if the violation is willful, then up to three times the amount of damages plus profits and attorneys' fees." Ex. 4 at p.3

22. Stein Law denies that it is using or infringing any of PLG's trademarks.

23. There is no likelihood of confusion between the Stein Marks and PLG's marks.

24. If in an industry, a certain term is in common use by several competitors, that indicates that the term is weak and *not easily infringed*.

25. The Tenth Circuit explained, "[a] strong trademark is one that is rarely used by parties other than the owner of the trademark, while a weak trademark is one that is often used by other parties. The greater the number of identical or more or less similar marks already in use on different kinds of goods, the less is the likelihood of confusion between any two specific uses of the weak mark." *First Sav. Bank, FSB v. First Bank Sys., Inc.*, 101 F.3d 645, 653–54 (10th Cir. 1996) (internal citations omitted).

26. Evidence that establishes the consuming public is exposed to third-party use of similar marks for similar services "is relevant to show that a mark is relatively weak and entitled to only a narrow scope of protection." *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee en 1772*, 396 F.3d 1369, 1373-74 (Fed. Cir. 2005).

27. Many law firms use the term PEAK as a trademark in the United States. Ex. 5.

28. PLG's trademarks that use the term PEAK are weak and entitled to narrow protection.

29. The Stein Marks do not look like PLG marks. The Stein Marks are not pronounced the same as the PLG marks. The first word in the Stein Marks is MOUNTAIN. MOUNTAIN is the dominant word in the Stein Marks. The first word in the PLG marks is PEAK. PEAK is the dominant word in the PLG marks. The Stein Marks do not create the same commercial impression as the PLG marks.

30. The service is sold under the parties' respective marks are distinct.

31. The relevant potential consumers are likely to use a high degree of care is selecting the parties' respective services.

32. Stein Law did not intend infringe or create a likelihood of confusion between its marks and PLG's marks.

33. There is no evidence of actual confusion.

34. Between December 2019 and April 2022, PLG negotiated with counsel for Stein Law in an effort to settle this dispute.

35. On March 17, 2020, PLG file a notice of opposition with the Trademark Trial and Appeal Board (the "TTAB"), opposing Stein Law's application to register MOUNTAIN PEAK LAW GROUP (Application. No. 88/618,399) Ex. 6.

36. On April 22, 2020, PLG stated it would not agree to settle this dispute.

37. On information and belief, PLG will file a notice of opposition, opposing Stein Law's application to register M MOUNTAIN PEAK LAW (Application No. 88/618,771).

38. In an opposition proceeding, the TTAB cannot award monetary damages or profits in connection with the unlawful use of a mark, or statutory damages.

39. As a result of PLG's cease and desist letter, Stein Law has a reasonable belief that PLG will file suit against Stein Law for alleged infringement of one or more of PLG's trademarks.

40. Accordingly, there is an immediate and actual justiciable controversy between the parties concerning PLG's allegations that Stein Law has infringed one or more of its trademarks.

## VI. CAUSES OF ACTION

### Claim 1. Declaratory Judgment.

41. There is an actual controversy within this jurisdiction as a result of PLG's efforts to cause Stein Law to stop providing and promoting its creditor's rights legal services using the Stein Marks.

42. There is a substantial controversy, between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43. PLG has confirmed that it intends to enforce its trademarks and prevent Stein Law from using or registering the Stein Marks.

44. Stein Law seeks declaratory judgment of no trademark infringement, no federal unfair competition, and to affirm Stein Law's right to use and register the Stein Marks to identify its law firm.

## VII. PRAYER FOR RELIEF

Plaintiff Stein Law requests that this Court enter judgment against Defendant Peak Law Group, as follows:

(a) Entering an order declaring that Stein Law has not infringed Peak Law Group's trademarks;

(b) Entering an order requiring the Trademark Office to issue registrations for Stein Law' trademark applications nos. 88/618,771 and 88/618,399; and

(c) Such further equitable, legal or additional relief as may be appropriate and just.

## VIII. JURY DEMAND

Stein Law demands a jury trial on all issues so triable.

Respectfully submitted May 8, 2020.

                                  THOMAS P. HOWARD, LLC

                                  *s/* Scott E. Brenner
                                  Scott E. Brenner
                                  THOMAS P. HOWARD, LLC
                                  842 W. South Boulder Rd., Suite #100
                                  Louisville, CO 80027
                                  Phone: (303) 665-9845
                                  Fax: (303) 665-9847
                                  sbrenner@thowardlaw.com